UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>Plaintiff,<br><br>v.<br><br>C. KISHBAUGH, et al.,<br><br>Defendants. | No. 2:21-cv-0149-EFB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis. ECF No. 2. As discussed below, his application is granted and the court will screen the complaint.

<u>Application to Proceed in Forma Pauperis</u>

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
2  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
3  relief." *Id.* § 1915A(b).
4       A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
5  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
6  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
7  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
8  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
9  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
10 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
11 U.S. 662, 679 (2009).
12      To avoid dismissal for failure to state a claim a complaint must contain more than "naked
13 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
14 action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
15 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
16 678.
17      Furthermore, a claim upon which the court can grant relief must have facial plausibility.
18 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
19 content that allows the court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
21 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
22 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
23 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
24 <u>Screening Order</u>
25      Plaintiff's complaint (ECF No. 1) alleges the following:  On August 23, 2019, defendant
26 C. Kishbaugh granted plaintiff priority legal user ("PLU") status.  Kishbaugh, however, failed to
27 honor plaintiff's PLU status through the following tactics: 1) scheduling library time to conflict
28 with plaintiff's yard time; 2) denying plaintiff's requests for specific legal materials; 3) refusing

to ducat plaintiff for the library; 4) ignoring plaintiff's requests for library access; and 5) in one instance, allowing plaintiff only 45 minutes of research time instead of the two hours plaintiff was due. Plaintiff also alleges that on September 13, 2019, defendant Hutchison refused to give plaintiff legal documents and materials that were relevant to plaintiff's ongoing litigation, and that on October 13, 2019, defendant Munoz confiscated plaintiff's legal property and refused to return it. As discussed below, plaintiff's allegations cannot survive screening.

The U.S. Court of Appeals for the Ninth Circuit has held it was impermissible for prison authorities to force an inmate to choose between use of the law library and out-of-cell exercise for eight months. *Hebbe v. Pliler*, 611 F.3d 1202, 1207-08 (9th Cir. 2010). In this case, however, plaintiff has not specified the extent to which he was made to sacrifice either exercise time or library time. Due to the paucity of facts alleged, the court cannot determine whether plaintiff was forced him to choose between his constitutional right to exercise and his constitutional right of access to the courts. On such vague and conclusory allegations, the court cannot find that plaintiff has stated a cognizable claim.

Should plaintiff intend to pursue a claim based on the denial of yard time in an amended complaint, the court notes that he must allege (1) that conditions of his imprisonment objectively posed a "substantial risk of serious harm" depriving him of basic necessities and (2) that prison officials subjectively acted with "deliberate indifference" to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

To the extent plaintiff intends to pursue a First Amendment claim based on denial of access to the courts, plaintiff must allege specific facts showing that a defendant actually injured his litigation efforts, in that his or her conduct hindered plaintiff's efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). In his complaint, plaintiff merely alleges he had an unspecified motions deadline and a statutory time limit to file a federal habeas petition. He does not allege anything further about the litigation with a motions deadline or the viability of any federal habeas petition. Plaintiff's generic allegations about deadlines and limited library access fail to demonstrate that any defendant

caused him to lose an actionable claim or that his constitutional right of access to the courts was otherwise impaired. Indeed, there is no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996).

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

<u>Conclusion</u>

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: March 5, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE