UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>Plaintiff,<br><br>v.<br><br>C. KISHBAUGH, et al.,<br><br>Defendants. | No. 2:21-cv-0149-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. After the dismissal of his original complaint on screening[1] (ECF Nos. 1 & 7), plaintiff has filed an amended complaint (ECF No. 12), which the court must also screen. As discussed below, plaintiff's amended complaint does not materially differ from his original complaint and for that reason, is dismissed for failure to state a claim.

Plaintiff claims generally, that the various actions of defendants Kishbaugh, Munoz, and Hutchison violated his First Amendment right to access the courts. Regarding these claims, the court previously informed plaintiff as follows:

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

> To the extent plaintiff intends to pursue a First Amendment claim based on denial of access to the courts, plaintiff must allege specific facts showing that a defendant actually injured his litigation efforts, in that his or her conduct hindered plaintiff's efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). In his complaint, plaintiff merely alleges he had an unspecified motions deadline and a statutory time limit to file a federal habeas petition. He does not allege anything further about the litigation with a motions deadline or the viability of any federal habeas petition. Plaintiff's generic allegations about deadlines and limited library access fail to demonstrate that any defendant caused him to lose an actionable claim or that his constitutional right of access to the courts was otherwise impaired. Indeed, there is no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996).

ECF No. 7 at 3-4. The amended complaint fails to establish an "actual injury" for purposes of an access to the courts claim. That is, plaintiff does not allege that defendants' conduct hindered plaintiff's efforts to bring, or caused him to lose, an actionable claim. His allegations – that he was forced to take a nominal settlement, could not participate in discovery, could not properly "defend his claims," or that his filings were delayed, are insufficient to state a proper claim for relief. *See* ECF No. 12 at 5, 10.

Plaintiff's amended complaint also repeats a claim, without material amendment, alleging that defendant Kishbaugh forced plaintiff to choose between yard time and library time. In dismissing that claim with leave to amend, the court informed plaintiff as follows:

> The U.S. Court of Appeals for the Ninth Circuit has held it was impermissible for prison authorities to force an inmate to choose between use of the law library and out-of-cell exercise for eight months. *Hebbe v. Pliler*, 611 F.3d 1202, 1207-08 (9th Cir. 2010). In this case, however, plaintiff has not specified the extent to which he was made to sacrifice either exercise time or library time. Due to the paucity of facts alleged, the court cannot determine whether plaintiff was forced him to choose between his constitutional right to exercise and his constitutional right of access to the courts. On such vague and conclusory allegations, the court cannot find that plaintiff has stated a cognizable claim.

ECF No. 7 at 3. The court will grant plaintiff a final chance to amend. Should plaintiff intend to pursue a claim based on the denial of yard time in an amended complaint, the

court notes again that he must allege (1) that conditions of his imprisonment objectively posed a "substantial risk of serious harm" depriving him of basic necessities and (2) that prison officials subjectively acted with "deliberate indifference" to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

## Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

/////

/////

3

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

## Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's amended complaint (ECF No. 12) is DISMISSED with leave to amend within 30 days from the date of service of this order; and
2. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: June 25, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE