UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. KISHBAUGH, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-0149-EFB P<br><br><br><br>ORDER |

　　　Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. After two dismissals by the court on screening (ECF Nos. 7 & 13), plaintiff has filed a second amended complaint (ECF No. 16), which the court must now screen.

<u>Screening Order</u>

　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

　　　Liberally construed, plaintiff states potentially viable First Amendment denial of access to the courts claims based on his allegations that the conduct of (1) defendant Hutchison (withholding plaintiff's legal documents from September 12, 2019 to October 13, 2019); (2)

defendant Munoz (cell search and confiscation of plaintiff's legal materials on October 13 and 19, 2019); and (3) defendant Kishbaugh (forcing plaintiff to choose between yard time and library time from September 8, 2018 to September 11, 2019), caused two of plaintiff's civil rights lawsuits (one regarding denial of a religious diet, the other alleging deliberate indifference to medical needs) to be dismissed with prejudice.

Plaintiff has not stated a cognizable denial of access to courts claim based on his allegation that the conduct of the defendants interfered with his successful pursuit of federal habeas relief. This is because plaintiff alleges that he "now has to respond to a motion to dismiss for an untimely petition." ECF No. 16 at 10. This allegation reveals that plaintiff was able to *bring* a federal habeas action and that defendants' conduct has not caused him to *lose* in that action, as it is allegedly remains active. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Further, *plaintiff's fleeting reference to an inability to pursue a sexual harassment grievance is too vague and conclusory to support a proper claim for relief.* *See* ECF No. 16 at 8-9.

For these reasons, plaintiff may either proceed only on the potentially cognizable First Amendment denial of access to the courts claims identified above or he may amend his complaint to attempt to cure its deficiencies. Plaintiff is not obligated to amend his complaint.

<u>Leave to Amend</u>

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 16) alleges, for screening purposes, potentially cognizable First Amendment denial of access to the courts claims against all defendants.

2. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.

3. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the potentially cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: November 4, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. KISHBAUGH, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-0149-EFB P<br><br><br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____   proceed only with the First Amendment denial of access to the courts claims against all defendants;

OR

(2) _____   delay serving any defendant and file a third amended complaint.

_____
　　　　　　　　　　　　　　Plaintiff

Dated:

4