UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>Plaintiff,<br><br>v.<br><br>C. KISHBAUGH, et al.,<br><br>Defendants. | No. 2:21-cv-00149-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending before the court are: (1) defendants' motion to compel plaintiff's responses to defendants' discovery requests (ECF No. 32); (2) defendants' motion to compel plaintiff's appearance for deposition (ECF No. 33); (3) plaintiff's request for a 60-day extension of time to respond to the motions to compel (ECF No. 37); and (4) defendants' motion to modify the schedule (ECF No. 38). For the reasons that follow the court will grant defendants' motion to modify the schedule and provide plaintiff with a 30-day extension of time to respond to the motions to compel.

**I.      Background**

The case proceeds on plaintiff's second amended complaint (ECF No. 16), which the court found to state potentially cognizable claims against defendants Kishbaugh, Hutchison, and Munoz for denying plaintiff's right of access to the courts. ECF No. 21. Under the current

schedule (extended at plaintiff's request due to his contraction of Covid-19), requests for discovery were due on June 24, 2022, the final discovery deadline was August 26, 2022, and dispositive motions were due on November 18, 2022. ECF No. 31.

In support of their motions to compel, defendants' counsel submits declarations averring to the following facts: Defendants served discovery requests on plaintiff on June 21, 2022 via mail. ECF No. 32-2 (declaration of Courtney Lui), ¶ 3. The requests consisted of a collective set of requests for production of documents and individual sets of interrogatories sent by each defendant. *Id.* Plaintiff failed to respond to the requests. *Id.* ¶ 4. On August 8, 2022, defense counsel sent plaintiff a letter informing him that, if he did not respond to the discovery requests by August 15, 2022, defendants would file a motion to compel. *Id.* ¶ 5. Plaintiff did not respond to the letter. *Id.* ¶ 6.

During the same period, defense counsel attempted to depose plaintiff. On June 22, 2022, counsel served on plaintiff a notice of deposition, scheduling a remote deposition on August 25, 2022. ECF No. 33-2 (Lui decl.), ¶ 3. Counsel arranged for plaintiff's appearance at the deposition with the litigation coordinator at Folsom State Prison. *Id.* ¶ 4. When the date of the deposition arrived, defense counsel could see plaintiff entering the room for the deposition and sitting down through the video connection. *Id.* ¶ 5. But before the parties could appear on the record, plaintiff stated that he had not received the deposition notice and had been informed of the deposition only that morning, when prison staff came to transport him to the room in which the deposition was to take place. *Id.* ¶ 6. Plaintiff grew agitated and ultimately stated that he would not be deposed because he had not been given notice. *Id.* ¶ 8.

Defendants filed their motions to compel on August 24 and 26, 2022. Plaintiff failed to respond to the motions; on October 13, 2022, the court ordered him to respond. ECF No. 34. The court cautioned plaintiff that failure to comply with the order could be deemed waiver of opposition to the granting of the motions. *Id.* at 2. On October 31, 2022, plaintiff asked the court to provide him with a 60-day extension of time to respond to the motions to compel. ECF No. 37. Plaintiff states that he has been transferred to Pelican Bay State Prison and has been temporarily separated from his legal property as part of the transfer process. *Id.* Defendants then filed a

motion to modify the schedule, arguing that they cannot comply with the current deadlines due to plaintiff's failure to participate in discovery. ECF No. 38. Defendants also filed a response to plaintiff's request for an extension of time in which they argue that plaintiff has exhibited a pattern of dilatory behavior and is unlikely to provide any meaningful response to the motions to compel even if given 60 days' more time. ECF No. 39. Defendants also argue that 60 days would be an excessive extension of time. *Id.*

Plaintiff responds that the extension is necessary due to his recent circumstances. ECF No. 40. According to plaintiff, he was transferred to Pelican Bay State Prison the day before the court issued its October 13, 2022 order directing him to respond to defendants' motions to compel. *Id.* at 1. Plaintiff never received the order and was separated from his legal property until November 7, 2022. *Id.* Before transfer, plaintiff "had issues with officers not giving me documents" and was also suffering from the side effects of a new medication during August and September. *Id.* at 3. Plaintiff states that he needs 60 days because he is litigating other cases and due to delays caused by institutional realities (inconsistent access to legal research, rehabilitative class responsibilities, etc.). *Id.*

## II. The Pending Motions

The court agrees with defendants that the current schedule cannot stand, as a practical matter, due to plaintiff's apparent failure to provide discovery to defendants (whether justified or not). The court also agrees that 60-days is an excessive amount of time to respond to the motions to compel, which present simple facts. Instead, the court will provide plaintiff with 30 days from the date of service of this order to respond to the motions to compel. Defendants shall have seven days from the service of plaintiff's response to file any reply. If plaintiff fails to file a response within the 30 days provided by this order, absent truly extraordinary circumstances, the court will construe that failure as a waiver of opposition to the granting of the motions. The court will reset the discovery and dispositive motions deadline upon resolution of the motions to compel.

/////

/////

/////

### III. Order

Accordingly, it is hereby ORDERED that:

1. Plaintiff's October 31, 2022 motion for an extension of time to respond to the motions to compel (ECF No. 37) is GRANTED IN PART. Plaintiff shall have 30 days from the date of service of this order to file a response to defendants' August 24 and 26, 2022 motions to compel (ECF Nos. 32, 33).

2. Defendants shall have 7 days from the date of service of plaintiff's response to file any reply.

3. Defendants' November 14, 2022 motion to modify the schedule (ECF No. 38) is GRANTED; the court will issue a modified schedule upon ruling on the pending motions to compel.

Dated: December 20, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE