UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>Plaintiff,<br><br>v.<br><br>C. KISHBAUGH, et al.,<br><br>Defendants. | No.  2:21-cv-00149-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Currently pending before the court are defendants' motions to compel plaintiff's responses to defendants' discovery requests (ECF No. 32) and plaintiff's appearance for deposition (ECF No. 33).  For the reasons that follow the court will grant both motions.

**I.	Background**

The case proceeds on plaintiff's second amended complaint (ECF No. 16), which the court found to state potentially cognizable claims against defendants Kishbaugh, Hutchison, and Munoz for denying plaintiff's right of access to the courts.  ECF No. 21.  Under the initial scheduling order, requests for discovery were due on June 24, 2022, the final discovery deadline was August 26, 2022, and dispositive motions were due on November 18, 2022.  ECF No. 31.

In support of their motions to compel, defendants' counsel submits declarations averring to the following facts: Defendants served discovery requests on plaintiff on June 21, 2022 via

mail. ECF No. 32-2 (declaration of Courtney Lui), ¶ 3. The requests consisted of a collective set of requests for production of documents and individual sets of interrogatories sent by each defendant. *Id.* Plaintiff failed to respond to the requests. *Id.* ¶ 4. On August 8, 2022, defense counsel sent plaintiff a letter informing him that, if he did not respond to the discovery requests by August 15, 2022, defendants would file a motion to compel. *Id.* ¶ 5. Plaintiff did not respond to the letter. *Id.* ¶ 6.

During the same period, defense counsel attempted to depose plaintiff. On June 22, 2022, counsel served on plaintiff a notice of deposition, scheduling a remote deposition on August 25, 2022. ECF No. 33-2 (Lui decl.), ¶ 3. Counsel arranged for plaintiff's appearance at the deposition with the litigation coordinator at Folsom State Prison. *Id.* ¶ 4. When the date of the deposition arrived, defense counsel could see plaintiff entering the room for the deposition and sitting down through the video connection. *Id.* ¶ 5. But before the parties could appear on the record, plaintiff stated that he had not received the deposition notice and had been informed of the deposition only that morning, when prison staff came to transport him to the room in which the deposition was to take place. *Id.* ¶ 6. Plaintiff grew agitated and ultimately stated that he would not be deposed because he had not been given notice. *Id.* ¶ 8.

Defendants filed their motions to compel on August 24 and 26, 2022. Plaintiff failed to respond to the motions; on October 13, 2022, the court ordered him to respond. ECF No. 34. The court cautioned plaintiff that failure to comply with the order could be deemed waiver of opposition to the granting of the motions. *Id.* at 2. On October 31, 2022, plaintiff asked the court to provide him with a 60-day extension of time to respond to the motions to compel. ECF No. 37. Plaintiff represented that he had been transferred to Pelican Bay State Prison and temporarily separated from his legal property as part of the transfer process. Defendants then filed a motion to modify the schedule, arguing that they could not comply with the current deadlines due to plaintiff's failure to participate in discovery. ECF No. 38.

On December 20, 2022, the court granted plaintiff 30 additional days to file opposition briefs to defendants' motions to compel and indicated that it would modify the schedule when it resolved those motions. ECF No. 41. The court cautioned plaintiff that, if he did not file a

response within that time period, "absent truly extraordinary circumstances, the court will construe that failure as a waiver of opposition to the granting of the motions." *Id.* at 3. Plaintiff has not filed any response to the motions.

## II. The Motions to Compel

Federal Rule of Civil Procedure 37 authorizes a court to compel a party who has failed to respond to discovery requests or to attend his deposition to do so. Defendants have filed motions to compel plaintiff's responses to one set of requests for production of documents and three sets of interrogatories and to participate in his deposition. As plaintiff was cautioned in the court's December 20, 2022 order, the court construes his failure to respond to these motions as a waiver of opposition to the granting of the motions. The court will therefore grant the motions to compel as provided below.

## III. Order

Accordingly, it is hereby ORDERED that:

1. Defendants' August 24 and 26, 2022 motions to compel (ECF Nos. 32, 33) are GRANTED.

2. Plaintiff shall provide responses within 30 days of the date of this order to defendants' first set of requests for production of documents, defendant Kishbaugh's first set of interrogatories, defendant Hutchison's first set of interrogatories, and defendant Munoz's first set of interrogatories.

3. Plaintiff shall appear and participate in his deposition, which defense counsel shall notice and arrange within a reasonable time from the date of this order.

4. If plaintiff fails to provide the discovery responses ordered herein or to participate in his deposition, the court will dismiss this action. Fed. R. Civ. P. 37(b)(2), (d)(1)(3).

5. Dispositive motions shall be filed on or before June 9, 2023.

Dated: March 10, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE