UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN, | No. 2:21-cv-00149-EFB (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| C. KISHBAUGH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's second amended complaint (SAC) against defendants Kishbaugh, Munoz, and Hutchison. ECF No. 16. Now before the court is plaintiff's motion for an extension of time to file discovery responses (ECF No. 44), and defendants' opposition and request for terminating sanctions. ECF No. 45. For the reasons stated below, the court recommends that defendants' request for terminating sanctions be granted, and that all other outstanding motions be denied as moot.

**I.   Background**

Plaintiff's responses to defendants' requests for production and interrogatories were originally due on July 25, 2022, and he failed to respond. ECF No. 32-1 at 2. Plaintiff also refused to be deposed at his noticed deposition on August 25, 2022. ECF No. 33. As a result, defendants filed two motions to compel. ECF Nos. 32 & 33. Plaintiff did not respond to either

1

motion.  Accordingly, on October 13, 2022, the court ordered plaintiff to respond and warned him that failure to comply with the order could be deemed waiver of opposition to the granting of the motions.  ECF No. 34 at 1.  Plaintiff was specifically cautioned that "a party's failure to comply with any order or with the Local Rules 'may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.'" *Id.* at 2, citing E.D. Cal. Local Rule 110.  To emphasize the point the court included the admonition that "[t]he court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules." *Id.* citing *Ferdik v. Bonzelet,* 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

Plaintiff then requested a 60-day extension of time based on his prison transfer.  ECF No. 37.  After reciting a history of plaintiff's repeated failures to comply with rules of discovery and court orders, the court granted a 30-day extension, but cautioned plaintiff that "[i]f plaintiff fails to file a response within the 30 days provided by this order, absent truly extraordinary circumstances, the court will construe that failure as a waiver of opposition to the granting of the motions."  ECF No. 41 at 3.  But once again, plaintiff failed to respond to the motions to compel, notwithstanding these earlier admonitions.

The court granted both motions on March 10, 2023.  ECF No. 43.  Plaintiff was ordered to provide written responses to defendants' requests for production and interrogatories by April 10, 2023, and was also ordered to appear and participate in his deposition.  *Id.* at 3.  The order also stated that "[i]f plaintiff fails to provide the discovery responses ordered herein or to participate in his deposition, the court will dismiss the action."  Fed. R. Civ. P. 37(b)(2), (d)(1)(3)."  *Id.*

/////

/////

/////

Plaintiff did not comply with the order. Instead, *after* his responses were due, plaintiff filed another motion for an extension of time.[1] ECF No. 44. Defendants have opposed plaintiff's motion and requested terminating sanctions. ECF No. 45. As of June 5, 2023, plaintiff had still not provided written responses to defendants' interrogatories and requests for production, ECF No. 47, and it is the court's understanding that plaintiff has not provided any responses since that date. Plaintiff did appear via video for his deposition on April 24, 2023. According to defendants, however, he did not meaningfully participate in the deposition, refusing to answer certain questions, and providing non-responsive answers to other. *Id.*; *see also* ECF No. 47-1 (Declaration of Courtney S. Liu). For example, in response to the allegations in plaintiff's complaint that defendants violated his First Amendment right of access to the courts and caused two of his lawsuits to be dismissed, defense counsel asked plaintiff to identify the lawsuits in question. Liu Decl. ¶ 4. According to counsel, plaintiff claimed he did not remember the lawsuits, who he sued, or the substance of the lawsuits. *Id.*

**II.   Discussion**

    **A.   Legal Standard**

A court may dismiss a case for a party's failure to comply with court orders. Fed. R. Civ. R. 41(b). A court may also impose sanctions, including the sanction of dismissal, on a party who does not comply with discovery orders. Fed. R. Civ. P. 37(b)(2)(A)(v). However, "'[w]here the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith.'" *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th Cir. 1993) (quoting *Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334, 1337 (9th Cir. 1985)). A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

---

[1] Plaintiff's request for an extension of time after his responses were due did not relieve plaintiff of his obligation to comply with this court's orders.

*Id.* at 1260-61; *see also Valley Engineers, Inc. v. Electric Engineering Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998). "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

  **B.**  **Analysis**

  Plaintiff contends that his failure to comply with the court's orders regarding discovery was not due to willfulness, fault, or bad faith, and offers several justifications for his delay. First, plaintiff alleges that he was unable to prepare interrogatory responses because he was denied adequate time in the law library. Second, plaintiff claims he is not in possession of his "legal papers." Third, plaintiff alleges he was attacked by prison officers on April 5, 2023 and that he was placed in a Mental Health Crisis Bed from April 5 – April 10, 2023; according to plaintiff, this prevented him from completing his responses that were due on April 10, 2023 (after multiple extensions). Finally, plaintiff maintains that he has provided defendants with some documents. ECF No. 44.

  Plaintiff's arguments are without merit, and do not demonstrate lack of willfulness, fault, or bad faith. Taking plaintiff's first assertion, even assuming he was actually denied time in the law library, plaintiff has not established that time in the law library was required in order to respond to defendants' interrogatories. Defendants have submitted the interrogatories they served on plaintiff, and they do not require legal research in a law library in order for plaintiff to respond. ECF No. 32-2. Instead, the interrogatories are aimed at gathering information regarding factual allegations in plaintiff's complaint. *Id.* Similarly, plaintiff has not identified what "legal papers" he is missing, or why he needs them in order to respond to every single one of defendants' interrogatories. At a minimum plaintiff could have responded to defendants' interrogatories in part, and demonstrated that he needed "legal papers" in order to respond to particular interrogatories.

  Plaintiff also cannot demonstrate that his placement in a crisis bed from April 5-10, 2023 justifies his failure to comply with the court's orders. Plaintiff alleges that he was attacked by staff on April 5, 2023 and subsequently placed in a crisis bed; defense counsel avers that plaintiff

4

was placed in a crisis bed because he threatened a correctional officer. ECF Nos. 44 and 45-1. The court, however, need not resolve this factual dispute regarding the reasons why plaintiff was placed in a crisis bed. Even accepting plaintiff's allegations as true, he was placed in a crisis bed only briefly, and more than eight months after his responses were originally due. Even assuming plaintiff's stay caused a brief delay in his ability to respond, he has still not complied with the court's orders and provided the required responses and documents.

Finally, plaintiff states that he has already mailed documents to defendants. ECF No. 44. Plaintiff does not, however, provide any proof of this, and defense counsel has declared under penalty of perjury that she has not received either written responses to defendants' document requests or documents in the mail in response to defendants' document requests.[2] ECF No. 45-1.

Given the above, plaintiff's failure to comply with court orders appears to have been willful. In addition, the court also finds that the public's interest in expeditiously resolving this litigation and the court's need to manage its docket weigh in favor of dismissal, as this case has been pending since January 26, 2021, and it is plaintiff's conduct that has delayed the proceedings and forced the court to modify its scheduling orders. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976). It is also prejudicial to defendants to allow plaintiff to continue prosecuting this action while depriving defendants of their right to conduct meaningful discovery. The fourth factor, public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal discussed herein. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988). Finally, less drastic sanctions are not available. The court previously imposed a less drastic sanction when it ordered plaintiff to comply with discovery. The court also specifically warned plaintiff that "[i]f plaintiff fails to provide the discovery responses ordered herein or to participate in his deposition, the court will dismiss the action." Fed. R. Civ. P.

---

[2] Plaintiff did file some miscellaneous documents with the court on January 26, 2023. ECF No. 42. To the extent plaintiff may be referring to that filing when he states he has produced documents, that filing does not comply with Fed. R. Civ. P. 34(b)(2)(A) and (B). For example, the filing does not include any responses to the document request itself, nor any indication of which – if any – documents are responsive to a particular request.

37(b)(2), (d)(1)(3). ECF No. 43. Nonetheless, plaintiff willfully disobeyed that order. Plaintiff's failure to comply with his discovery obligations jeopardizes "the orderly administration of justice", and given that plaintiff's responses were originally due more than a year ago, there is no indication that additional sanctions or another order from the court will result in plaintiff's compliance. *Anheuser-Busch, Inc. v. Natural Beverage Distribs.,* 69 F.3d 337, 348 (9th Cir. 1995).

### III.     Order and Recommendation

Accordingly, it is hereby ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

Further, and for the foregoing reasons, it is recommended that defendants' request for terminating sanctions (ECF No. 45) be GRANTED and that all other outstanding motions be denied as moot. Plaintiff's action should be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 28, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE